## Alvin B. Eanes Development Company, Inc v. Robert L. Inman et al

5-5844                                    478 S.W. 2d 52

Opinion delivered March 27, 1972

[Rehearing denied April 24, 1972]

*Tanner & Wallace*, for appellant.

*Hale, Hale & Fincher*, and *Macom, Moorhead & Green*, for appellee.

Conley Byrd, Justice. Alvin B. Eanes Development Co., Inc., a one man corporation owned by Alvin B. Eanes, entered into an oral contract with Robert L. Inman to construct a residence for the latter in Carlisle, Arkansas. Both Eanes and Inman admit that the agreement was reached in Inman's dental lab but they disagree on the terms. Eanes contends that the agreement was cost plus ten percent profit, with the ten percent being limited to $5,000. Inman contends that the agreement was cost plus ten percent with the understanding that the total would not exceed $50,000.

Eanes brought this action against Robert L. Inman and Loretta G. Inman, his wife, and First Federal Savings and Loan Association of Stuttgart, alleging that the house cost $53,068.73, that the Inmans had paid only $50,000 and that he was entitled to a mechanics lien for the difference, plus his $5,000 fee, which would be superior to First Federal Savings' lien. The Chancellor observed that both Eanes

and Inman were reputed by the witnesses to be fine men, one a successful builder and the other a dentist, and being unable to determine whose version of the contract was correct, denied any relief to Eanes. Of course, Eanes as the plaintiff had the burden of persuasion. From the record we cannot say that the chancellor's finding on the oral contract issue is contrary to a preponderance of the evidence.

The Inmans readily admit that they added some extras to the house plans as they went along for which they are obligated to pay, in addition to the $50,000. Eanes on the other hand admits that the Inmans are entitled to credits for light fixtures and some appliances. We have gone through the record and giving Eanes the benefit of every doubt, we find that we are unable to determine, without pure speculation, any amount for which Eanes should have judgment. Therefore, we must affirm on this issue also because the burden of proof was on Eanes to show the costs of the extras for which he was entitled to judgment.

The denial of a lien to Eanes moots the priority of liens issue between him and First Federal Savings and Loan Association of Stuttgart.

Affirmed.

JONES, J., not participating.